**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DEVERICK SCOTT,                                                                          PETITIONER
ADC#131042

v.                                        5:12-cv-00229-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                           RESPONDENT

**AMENDED AND SUBSTITUTED
PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS**[1]

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

---

[1]This Amended and Substituted Proposed Findings and Recommendations is being entered
because the undersigned failed to fully address the exhaustion arguments raised by Respondent and
to better explain to Petitioner those remedies believed to be still available.

1

was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

Deverick Scott, an inmate in the Arkansas Department of Correction, filed this  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging violation of his due process rights and seeking monetary damages and the restoration of his good time credit and class status.  (Doc. No. 1 at 11.)  Respondent counters that Mr. Scott failed to exhaust his state remedies and his allegations fail to state cognizable federal habeas claims.  (Doc. No. 6 at 2-4.)

## II.     ANALYSIS

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts.  *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  The fair-presentment requirement exists so that the respective state has the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have

consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted.  *Murphy*, 652 F.3d at 849.

If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.' " *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996))).

After carefully reviewing the record, the Court concludes that Mr. Scott's Petition should be dismissed without prejudice due to his failure to exhaust available state remedies.  As Respondent points out, Petitioner must first pursue one of several avenues available to him in state court.  (Doc. No. 6 at p. 3.)  Petitioner may challenge his disciplinary conviction and the loss of his good time credits through filing either a petition for writ of mandamus or a petition for declaratory judgment in state court.[2]  Furthermore, it appears Petitioner may be able to pursue the Arkansas Civil Rights Act of 1993 when seeking redress for the deprivation of rights secured by the Arkansas Constitution, including the right of due process of law.  In addition to these direct judicial remedies, the Administrative Procedure Act (APA), Ark.Code Ann. § 25-15-212(a) may also be available.  The

---

[2]ARK. CODE ANN. 16–115–101 *et seq*.; ARK. CODE ANN. 16–111–101 *et seq*; See *Graham v. Norris*, 10 S.W.3d 457 (Ark. 2000); *Duncan v. State*, 987 S.W.2d 721 (Ark.1999).

APA provides for judicial review in the state courts of state agencies' administrative findings. Despite its language to the contrary, the Arkansas Supreme Court has held that the Act is available to inmates making a constitutional challenge.[3]  See *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991).

If Petitioner is unsuccessful at the trial court level, he is required to appeal to the Arkansas Supreme Court.  If the Arkansas Supreme Court affirms the trial court's ruling, then exhaustion would be complete and a petition for a writ of habeas corpus could be filed in federal court.

While exhaustion is not necessarily required if raising these claims in state court would be futile, it is "only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir.1981).  The key question is whether state law provides any procedure for determining the merits, not whether Petitioner is likely to prevail.  *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir.1984).  Here, Petitioner has not demonstrated his state remedies are unavailable.  And the Court knows of no reason why Petitioner cannot raise these claims in state court.  Petitioner must, therefore, exhaust the available state procedures before a federal court can entertain his habeas Petition.  Accordingly, his Petition should be dismissed without prejudice.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has

---

[3]The time for Mr. Scott to file an appeal under the APA <u>may</u> have expired.  Section 25–15–212(b)(1) of the APA requires that petitions for judicial review be initiated within thirty (30) days after service upon petitioner of the agency's final decision.  Given Petitioner's allegations, it appears that the issue of whether the agency made a final decision is in contest.

made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  The Court finds no issue on which Mr. Scott has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Scott's Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed without prejudice.

2.      A certificate of appealability be denied.

DATED this <u>12th</u> day of September, 2012.

JOE I. VOLPE
UNITED STATES MAGISTRATE JUDGE